SENTELLE, Circuit Judge,
dissenting.
While I commend the balanced tone and thoroughness of the majority opinion, I find that after examining the authorities discussed therein, I reach a different conclusion. As the court relates, plaintiffs seek to challenge the provisions of the District of Columbia’s Criminal Code limiting the possession of pistols, as violative of their Second Amendment rights to keep and bear arms. The District Court held that they had no standing. Today this court has affirmed.
I would find standing based on the authority of cases cited by the majority. The record offers essentially undisputed evidence of the appellants’ intent to engage in gun-related conduct prohibited by the challenged Code provisions, but for the existence of those provisions. Appellants adequately allege and argue that this conduct is protected by the Second Amendment to the United States Constitution.
The Supreme Court has said, as the majority quotes:
When the plaintiff has alleged an intention to engage in a course of conduct arguably affected 'with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.
Babbitt v. United Farm Workers Nat’l Union, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 *1257 L.Ed.2d 895 (1979) (citing Doe v. Bolton, 410 U.S. 179, 188, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973)) (internal quotation marks omitted). The majority’s further analysis of United Farm, Workers is directly on point:
In United Farm Workers, a union challenged provisions of a state statute that made it an unfair labor practice, punishable with criminal penalties, to encourage consumer boycotts of agricultural products by the use of “dishonest, untruthful and deceptive publicity.” 442 U.S. at 301, 99 S.Ct. 2301. The state argued that the criminal penalty provision had not yet been applied and might never be applied to unfair labor practices. Id. at 302, 99 S.Ct. 2301. The Court found standing, saying that “the State has not disavowed any intention of invoking the criminal penalty provision against unions that commit unfair labor practices,” id., and that the union’s fear of prosecution was not “imaginary or wholly speculative,” id. Thus United Farm Workers appeared to find a threat of prosecution credible on the basis that plaintiffs’ intended behavior is covered by the statute and the law is generally enforced.
Maj. Op. at 1252. As appellants allege a similarly realistic fear of prosecution, I would hold United Farm Workers controlling, and conclude that appellants have standing to bring the Second Amendment challenge.
As the majority notes, a long line of cases upholds pre-enforcement review of First Amendment challenges to criminal statutes by plaintiffs with bases for standing no different than that asserted by appellants herein for their Second Amendment challenge. For example, in Virginia v. American Booksellers Ass’n, 484 U.S. 383, 108 S.Ct. 636, 98 L.Ed.2d 782 (1988), plaintiffs brought a suit challenging the constitutionality of a newly enacted Virginia statute criminalizing the display for commercial purposes of visual or written material that “depicts sexually explicit nudity, sexual conduct, or pseudo-masochistic abuse which is harmful to juveniles.” ' Va. Code § 18.2-391(a) (Supp.1987). The Commonwealth of Virginia argued that plaintiffs lacked standing, because they had not yet been prosecuted under the Act. The Supreme Court, in discussing the standing question, declared itself “not troubled by the pre-enforcement nature of this suit.” American Booksellers, 484 U.S. at 393, 108 S.Ct. 636. Because “the state ha[d] not suggested that the ... law will not be enforced,” and the Court saw no reason to assume that it would not be, the Court found standing, “concluding] that plaintiffs have alleged an actual and well-founded fear that the law will be enforced against them.” Id. I see no distinction between that case and this.
As the Supreme Court further noted in American Booksellers, the danger of the statute before it could “be realized even without an actual prosecution.” Id. Needless to say, the harm lay in self-censorship-that is, the curtailing of an otherwise constitutional activity because of an allegedly unconstitutional criminal statute. The only difference between that harm and the harm alleged in this case is that there it was to First Amendment interests, here to Second. I know of no hierarchy of Bill of Rights protections that dictates different standing analysis.
I acknowledge, as the majority notes, that a case from this circuit, Navegar, Inc. v. United States, 103 F.3d 994 (D.C.Cir.1997), is in tension with “cases upholding pre-enforcement review of First Amendment challenges to criminal statutes.” Maj. Op. at 1254. In Navegar, plaintiff-appellants sought declaratory judgment striking down as unconstitutional provisions of the Violent Crime Control and *1258 Law Enforcement Act of 1994, which outlawed firearm products manufactured by appellants, some by name, and others by description. While we found standing to challenge the regulation of the named products, we held there was no standing as to the products outlawed only by description. See Navegar, 103 F.3d at 1001. The Navegar court found the threat of prosecution under the provisions outlawing products by description insufficiently imminent to support standing on the record before it. Those latter provisions outlawed firearms in language so general that the court found “it impossible to foretell precisely how these provisions may be applied.” Id. Further, the Navegar court found insufficient evidence of the government’s intent to enforce • the “generic portions of the Act” against the specific parties before it. Id.
While I acknowledge that the majority is correct that Navegar can be read as controlling the case before us and barring standing, I think it is distinguishable. The allegedly constitutionally ' protected conduct in the record before us is clearly defined and clearly unlawful under a statute that the District apparently enforces regularly, and under which there is certainly no doubt that plaintiffs reasonably apprehend enforcement. I would therefore find the line of cases represented by American Booksellers, rather than Nave-gar, controlling.
For the reasons set forth above, I respectfully dissent.